IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**Attaallah Akram Shalash,**
**A089568663,**

       **Petitioner,**

vs.                            **Case No. 3:16-cv-00283-DRH**

**LORETTA LYNCH,**
**JEFF CHARLES JOHNSON,**
**RICARDO A. WONG, and**
**WARDEN OF IMMIGRATION**
**DETENTION FACILITY,**

       **Respondents.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Attaallah Akram Shalash is currently imprisoned at the Pulaski County Detention Center in Ullin, Illinois (Doc. 1). Proceeding *pro se*, he filed the instant petition for a writ of habeas corpus under 28 U.S.C. § 2241 to challenge his continued detention.

Petitioner is a native and citizen of Palestine. He entered the United States illegally on September 4, 2005, and became a legal permanent resident on October 15, 2012. (*Id.* at 3.) Petitioner has been in the custody of United States Immigration and Customs Enforcement (ICE) since May 8, 2015. (*Id.*) An immigration judge ordered petitioner removed on August 26, 2015.

Petitioner's custody status was reviewed for the first time on November 25, 2015. (*Id.* at 4.) On December 2, 2015, he was served with a written decision

ordering his continued detention. (*Id.*) ICE has been unable to effectuate his removal, although petitioner has cooperated with ICE's efforts to remove him.

Petitioner asserts that under *Zadvydas v. Davis*, 533 U.S. 678 (2001), six months is the "presumptively reasonable period" during which ICE may detain an alien in order to effectuate his removal. The *Zadvydas* ruling also applies to inadmissible aliens, pursuant to the Supreme Court's decision in *Clark v. Martinez*, 543 U.S. 371 (2005). Petitioner's presumptive six-month period has ended. Petitioner claims his removal to Palestine or any other country is not likely to occur in the reasonably foreseeable future. Therefore, he claims, he should be entitled to release from custody. (Doc. 1 at 6.) He also asserts that substantive and procedural due process violations have occurred. (*Id.* at 5-6.)

Without commenting on the merits of petitioner's claims, the Court concludes that the petition survives preliminary review under Rule 4 and Rule 1(b)[1] of the Rules Governing Section 2254 Cases in United States District Courts, and a response shall be ordered.

However, petitioner has named several respondents who are not proper in a § 2241 action. In *Kholyavskiy v. Achim*, 443 F.3d 946, 952-53 (7th Cir. 2006), the Seventh Circuit held that an immigration detainee raising substantive and procedural due process challenges to his "confinement while awaiting removal" could only name the person who has immediate custody of him during his

---

[1] Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts gives this Court the authority to apply the rules to other habeas corpus cases, such as this action brought under § 2241.

detention, and not high-level ICE officials or the Attorney General. Accordingly, all defendants other than the Warden of the Pulaski County Detention Center will be dismissed from this case.

**Disposition**

**IT IS HEREBY ORDERED** that Attorney General Loretta Lynch, Department of Homeland Security Secretary Jeff Charles Johnson, and ICE Field Office Director Ricardo A. Wong are **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that the Warden of the Pulaski County Detention Center shall answer the petition within thirty days of the date this order is entered (on or before April 18, 2016).[2] This order to respond does not preclude the respondent from making whatever waiver, exhaustion, or timeliness arguments it may wish to present to the Court. Service upon the Warden, Pulaski County Detention Center, 20 Justice Drive, Ullin, Illinois, 62992 shall constitute sufficient service.

Pursuant to Federal Rule of Civil Procedure 4(i), the **CLERK** is **DIRECTED** to send a copy of the letter constituting service, petition, and this Order to the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, and to send a copy of the letter constituting service, petition, and Order via registered or certified mail to the United States Attorney General in Washington, D.C., and to the United States Department of Homeland Security.

**IT IS FURTHER ORDERED** that, pursuant to Local Rule 72.1(a)(2), this

---

[2] The response date ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only.

cause is **REFERRED** to Magistrate Judge Clifford J. Proud for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to Magistrate Judge Clifford J. Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all parties consent to such a referral*.

Petitioner is **ADVISED** of his continuing obligations to keep the Clerk (and respondent) informed of any change in his whereabouts during this action.  This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  March 18, 2016**

Digitally signed by Judge David R. Herndon
Date: 2016.03.18 15:17:45 -05'00'

**United States District Judge**